UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
SERVICE EMPLOYEES INTERNATIONAL         )
UNION NATIONAL INDUSTRY                 )
PENSION FUND,                           )
11 Dupont Circle, N.W., Suite 900       )
Washington, DC 20036-1202,              )
                                        )
and                                     )
                                        )
STEPHEN ABRECHT, RODERICK S. BASHIR,    )
KEVIN J. DOYLE, MYRIAM ESCAMILLA,       )
DAVID A. STILWELL, CHRISTOPHER BOUVIER, )
STEVEN FORD, EDWARD J. MANKO,           )
FRANK A. MAXSON, AND JOHN J. SHERIDAN,  )
TRUSTEES OF THE SERVICE EMPLOYEES       )
INTERNATIONAL UNION NATIONAL INDUSTRY   )
PENSION FUND,                           )
11 Dupont Circle N.W., Suite 900        )
Washington, DC 20036-1202               )
                                        )
                    Plaintiffs,         )   Case No: 1:14-cv-355
                                        )
v.                                      )
                                        )
PACIFIC RACING ASSOCIATION              )
1100 Eastshore Highway                  )
Albany, CA 94710-1002                   )
                                        )
                    Defendant.          )
_____)

**COMPLAINT UNDER ERISA FOR DELINQUENT CONTRIBUTIONS, INTEREST, LIQUIDATED DAMAGES, ATTORNEYS FEES AND COSTS**

**Introduction, Jurisdiction and Venue**

1.  This is a civil action brought by an employee benefit plan, and by the Trustees of an employee benefit plan, pursuant to Sections 502(a)(3), (d)(1), (g)(2) and 515 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1132(a)(3), (d)(1), (g)(2), and 1145, and Section 301(a) of the Labor Management Relations Act of 1947, as amended ("LMRA"), 29 U.S.C. § 185(a), to collect unpaid collectively bargained contributions, interest, liquidated damages, and surcharges owed by the Defendant.

2.	Jurisdiction is conferred upon this Court by Section 502(e) and (f) of ERISA, 29 U.S.C. § 1132(e) and (f), and Section 301(c) of the LMRA, 29 U.S.C. § 185(c).  Jurisdiction also lies under 28 U.S.C. § 1331.

3.	Venue is proper under Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), as the Service Employees International Union National Industry Pension Fund is administered in this District.

## Parties

4.	Plaintiff Service Employees International Union National Industry Pension Fund (the "SEIU Pension Fund"), is an employee pension benefit plan within the meaning of Section 3(2), (3) of ERISA, 29 U.S.C. § 1002(2), (3), and a multiemployer plan within the meaning of Section 3(37)(A) of ERISA, 29 U.S.C. § 1002(37)(A), established and maintained to provide pension benefits to eligible employees.  The SEIU Pension Fund is and at all times material herein has been, a jointly administered trust fund established pursuant to Section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5).  The SEIU Pension Fund is administered at 11 Dupont Circle, N.W., Suite 900, Washington, D.C. 20036.

5.	Plaintiff Trustees of the SEIU Pension Fund, Stephen Abrecht, Roderick S. Bashir, Kevin J. Doyle, Myriam Escamilla, David A. Stilwell, Christopher Bouvier, Steven Ford, Edward J. Manko, Frank A. Maxon, and John J. Sheridan, are the duly authorized Trustees of the SEIU Pension Fund whose duty it is to administer the SEIU Pension Fund for the benefit of the participants and beneficiaries of the SEIU Pension Fund.  Plaintiff Trustees are fiduciaries within the meaning of 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and are authorized and empowered to maintain this action.

6.  Defendant Pacific Racing Association is an "employer in an industry affecting commerce" as defined in Sections 3(5), (9), (11), and (12) of ERISA, 29 U.S.C. §§ 1002(5), (9), (11), and (12), and Sections 2(2), (6), and (7) of the LMRA, 29 U.S.C. §§ 152(2), (6), and (7).

7.  Upon information and belief, Defendant Pacific Racing Association is a corporation incorporated in the State of California and has a business address of 1100 Eastshore Highway, Albany, CA 94710 and a mailing address of P.O. Box 6027, Albany, CA 94706.

## Factual Background

8.  At all relevant times, Service Employees International Union, Local 1877 or SEIU United Service Workers West, (the "Union") has been the exclusive collective bargaining agent for Defendant's employees working for Pacific Racing Association.

9.  At all relevant times, the Defendant was party to a collective bargaining agreement ("Collective Bargaining Agreement") with the Union effective for the periods described herein.  The parties entered into a Collective Bargaining Agreement effective for the period of beginning June 24, 2006.  Subsequently, the parties entered into an agreement from April 17, 2011 through "[t]he day after the closing day of the 2014 Los Angeles Turf Club, Inc. Winter/Spring Meet."  A true, correct, and complete copy of the relevant portion of the Collective Bargaining Agreements is attached as Plaintiffs' Exhibit 1.

10. Defendant was obligated to make contributions to the SEIU Pension Fund under the terms of its Collective Bargaining Agreement with the Union and pursuant to Section 515 of ERISA, 29 U.S.C. § 1145, which provides that "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such

contributions in accordance with the terms and conditions of such plan or such agreement."

11. Pursuant to Article XXIII, Section 4, of the Collective Bargaining Agreement, Defendant Pacific Racing was obligated to remit contributions to the SEIU Pension Fund. See Plaintiffs' Exhibit 1. As of July 24, 2006, and for all relevant periods described herein, Defendant Pacific Racing was obligated to remit contributions at a rate of $16.51 per workday for Thoroughbred and Fair Meets or $14.51 per workday for Harness and Quarter Horse Meets on behalf of covered public events division employees and $16.01 per workday for Thoroughbred and Fair Meets or $14.01 per workday for Harness and Quarter Horse Meets on behalf of covered janitorial division employees.

12. By submitting reports and/or contributions, the employer agrees to be bound by the SEIU Pension Fund's Agreement and Declaration of Trust ("Trust Agreement") and its Statement of Policy for Collection of Delinquent Contributions ("Collections Policy"). A true and correct copy of the Trust Agreement is attached hereto as Plaintiffs' Exhibit 2. A true and correct copy of the Collections Policy is attached hereto as Plaintiffs' Exhibit 3.

13. At all relevant times, Section 3.1 of the SEIU Pension Fund's Trust Agreement and Section 5 of the Collections Policy provide that an employer must submit complete remittance reports to the SEIU Pension Fund with the employer's contributions. The remittance report must contain the names of each covered employee and the number of compensable hours for each employee during the reporting month. See Plaintiffs' Exhibits 2 & 3.

14. At all relevant times, Section 3.2 of the Trust Agreement and Section 5 of the Collections Policy provide that an employer delinquent in its contribution obligations to the SEIU Pension Fund is liable for interest at the rate of ten percent (10%) per annum, liquidated damages at the rate of twenty percent (20%) after the commencement of legal action, and

attorneys' fees and costs.  See Plaintiffs' Exhibits 2 & 3.

15. To date, Defendant has failed to remit certain contractually required contributions and has failed to pay certain interest charges and liquidated damages to the SEIU Pension Fund.

16. Prior to commencing this lawsuit, the SEIU Pension Fund contacted Defendant in an attempt to obtain the outstanding contributions.  However, Defendant has failed to make payment on the amounts due.  There is little prospect that, lacking judicial compulsion, Defendant will satisfy its obligations to the SEIU Pension Fund, and pay the delinquent and unpaid contributions, liquidated damages, and interest due on the delinquent and unpaid contributions.

17. Pursuant to the Pension Protection Act of 2006, Pub. L. 109-280 (2006) ("PPA"), the SEIU Pension Fund was determined to be in critical status for the plan years beginning January 1, 2009, January 1, 2010, January 1, 2011, January 1, 2012, and January 1, 2013. Participating employers in the Fund were notified of this status via letters sent April 30, 2009, April 30, 2010, April 30, 2011, April 30, 2012, and April 30, 2013.  Copies of these letters are attached as Plaintiffs' Exhibit 4.

18. In accordance with the PPA, the SEIU Pension Fund established a Rehabilitation Plan.  Participating employers in the SEIU Pension Fund were notified of the Rehabilitation Plan in November 2009.  A copy of this letter is attached as Plaintiffs' Exhibit 5.  Under the Rehabilitation Plan, participating employers are required to pay surcharges and supplemental contributions to the SEIU Pension Fund under either the Default or Preferred Schedule of the Rehabilitation Plan.

19. For plans in critical status, the PPA requires that all contributing employers pay to the plan a surcharge to help correct its financial situation.  The amount of the surcharge is equal

to a percentage of the amount an employer is otherwise required to contribute to the plan. For the SEIU Pension Fund, a five percent (5%) surcharge was applicable in the initial critical year (2009), and a ten percent (10%) surcharge was applicable in 2010, and for each succeeding plan year thereafter in which the plan is in critical status, until the bargaining parties agree to a Collective Bargaining Agreement that implements the supplemental contribution schedules in the Rehabilitation Plan adopted by the SEIU Pension Fund or the Default Schedule is imposed on the participating employer. Participating employers were notified of the Rehabilitation Plan adopted by the SEIU Pension Fund in November 2009. See Plaintiffs' Exhibit 5.

20. Pursuant to the Rehabilitation Plan, Defendant Pacific Racing Association adopted the Preferred Schedule and owed surcharges in the amount of 18.5% of all contributions due in 2011 and increasing to 27.7% of all contributions due one year following the ratification of the Collective Bargaining Agreement. Defendant has failed to pay all of these supplemental contributions and as a result has incurred interest and liquidated damages on the amounts due. Pursuant to Section 305(e)(7)(B) of ERISA, any failure to make a required surcharge shall be treated as a delinquent contribution under Section 515 of ERISA. 29 U.S.C. § 1085(e)(7)(B). Interest continues to accrue on these unpaid surcharges and supplemental contributions.

21. Defendant's continued failure to submit contributions have caused irreparable harm to the plan participants in the form of loss of earnings and expenses of the SEIU Pension Fund, endangered the eligibility of covered members' pension benefits, and other harm. Defendant's refusal to live up to its obligations creates an atmosphere in the industry that encourages other employers to do the same.

**COUNT I**

22.     Plaintiffs reallege and incorporate Paragraphs 1 through 21.

23.     This claim arises under Sections 502(a)(3) and 515 of ERISA, 29 U.S.C. §§ 1132(a)(3) and 1145.

24.     Defendant is obligated, under the terms of the Collective Bargaining Agreement, to provide remittance reports and contributions to the SEIU Pension Fund on behalf of the Defendant's employees.  The Defendant has failed and refused to fulfill its contractual obligations for owed contributions, resulting interest, and liquidated damages.

25.     The Pension Fund's records reflect that Defendant owes $12,065.59 in contributions, surcharges, interest and liquidated damages for certain months between May 2011 and January 2013 for track personnel employees at Site 5691.  Interest continues to accrue on this delinquency at a rate of ten percent (10%) per annum.

26.     The Pension Fund's records reflect that Defendant owes $14,112.36 in contributions, surcharges, interest and liquidated damages for certain months between May 2011 and December 2013 for track valets at Site 5692.  Interest continues to accrue on this delinquency at a rate of ten percent (10%) per annum.

27.     The Pension Fund's records reflect that Defendant owes $10,662.41 in contributions, surcharges, interest and liquidated damages for certain months between December 2012 and December 2013 for track valets at Site 5688.  Interest continues to accrue on this delinquency at a rate of ten percent (10%) per annum.

28.     The Pension Fund's records reflect that Defendant owes $2,362.54 in contributions, surcharges, interest and liquidated damages for certain months between October 2011 and October 2012 for track valets at Site 6043.  Interest continues to accrue on this delinquency at a rate of ten percent (10%) per annum.

29.     Prior to commencing this lawsuit, the SEIU Pension Fund sent several letters and attempted to directly contact the Defendant in an attempt to obtain the outstanding remittance report and contributions, interest, liquidated damages, and PPA surcharges.  Defendant continues to fail and refuses to remit the required report or make payment on the amounts due.  There is little prospect that, lacking judicial compulsion, Defendant will satisfy its obligations to the SEIU Pension Fund for its remittance reports, unpaid contributions, interest, liquidated damages, and PPA surcharges.

30.     Defendant's failure to timely remit the reports, pay required contributions, liquidated damages, interest, and PPA surcharges has caused irreparable harm to the Plaintiffs and their plan participants and allowing Defendant to do so creates an atmosphere in the industry encouraging other employers to do the same.  Injunctive relief is appropriate under Section 502(a) of ERISA, 29 U.S.C. §1132(a)(3)(A).

31.     Under Section 502(g) of the ERISA, SEIU Pension Fund is entitled to recover all costs of this action from the Defendant, including reasonable attorneys' fees and court costs.

**WHEREFORE**, Plaintiffs respectfully request that the Court:

1.     Declare that Defendant is delinquent in remitting owed reports and contributions to the SEIU Pension Fund, paying interest and liquidated damages on late paid contributions as required by the Trust Agreement and Collections Policy, and statutory surcharges and supplemental contributions due under the Pension Protection Act of 2006;

2.     Award Plaintiffs a judgment for the Defendant's delinquent contributions, PPA surcharges, and liquidated damages for the periods specified;

3.     Enter judgment for interest on all delinquent amounts due for the specified periods;

    4.     Enter judgment for Plaintiffs' attorneys' fees and costs, as required by the Collective Bargaining Agreements, the Trust Agreement, and Section 502(g) of ERISA;

    5.     Enter a permanent injunction requiring the Defendant to timely file remittance reports and to pay all contributions as they become due and owing to the SEIU Pension Fund in the future;

    6.     Retain jurisdiction of this case pending compliance with its Orders; and

    7.     Grant such further relief as the Court may deem appropriate.

Respectfully Submitted,

/s/ Richard C. Welch
Richard C. Welch (D.C. Bar No. 485756)
Mooney, Green, Saindon, Murphy & Welch, P.C.
1920 L Street, NW, Suite 400
Washington, D.C.  20036
(202) 783-0010
(202) 783-6088 facsimile
rwelch@mooneygreen.com

Date:  March 5, 2014          Counsel for the Plaintiffs